## ED MILLER v. THE STATE.

RECEIVING STOLEN PROPERTY — ACCOMPLICE TESTIMONY. — In a trial for receiving stolen property, knowing it to have been stolen, the State introduced and examined the thief as a witness to prove the theft of the property as alleged in the indictment. *Held*, that the witness should have been regarded as an accomplice within the meaning of article 653 of the Code of Criminal Procedure, which requires corroboration of the testimony of accomplices; and that it was incumbent on the court to instruct the jury on the law controlling such evidence.

APPEAL from the District Court of Dallas.    Tried below before the Hon. Z. HUNT.

The opinion states the case.

*R. B. Seay*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J.    The appellant was tried and convicted on a charge of receiving stolen property, knowing it to have been stolen.    The indictment charges that the property belonged to Henry Hatcher, and that it had been stolen from him by Tom Smith, George Martin, and William Jones, the accused knowing said property to have been stolen from Hatcher by Smith, Martin, and Jones.

On the trial, Tom Smith, one of the parties alleged to have stolen the property, was introduced, after several other witnesses had testified, as a witness in behalf of the prosecution, and testified to the theft of the property by himself, Martin, and Jones.    The court gave to the jury an able charge as to the law of the case to the extent to which the charge went, but gave no instructions to guide the jury in the event they should believe from the evidence that the witness Tom Smith was an accomplice.

Several special instructions were asked by the appellant's

counsel, a portion of which were given and a portion refused. Among the charges refused was the following, to wit : " If the jury believe that the witness Tom Smith was an accomplice of George Martin and William Jones, then the testimony of said Smith must be corroborated in some material point by other testimony, before the jury can decide that said Jones and Martin, together with said Smith, did steal the said cattle from Hatcher."

This special charge is marked " 2," and is followed by two others marked " 3 " and " 4." The presiding judge appends to these instructions the following :

" The foregoing instructions, numbered 2, 3, and 4, are refused because not warranted by the evidence, and because Smith is not regarded as an accomplice with the defendant, Miller."

It became necessary for the State to prove that the property alleged to have been received by the accused as stolen property, knowing it to have been stolen, was stolen by Smith, Martin, and Jones, from Hatcher, as charged in the indictment. It is manifest from the testimony of Smith that he was one of the parties concerned in the theft from Hatcher, the owner ; which, we are of opinion, placed the witness in the category of an accomplice, whose testimony required corroboration. The State evidently deemed his testimony necessary to procure a conviction, and he being an accomplice in any material fact necessary to justify a conviction, it became necessary that the court should have given the jury suitable instructions as to the value of his testimony without corroboration, and the necessity of its being corroborated, and the extent to which the corroborating evidence should go, whether he was in fact an accomplice with Miller, the accused, or not, and whether there was other testimony sufficient to convict or not.

The testimony of this witness having gone to the jury

without any instruction as to the necessity that it be corroborated by other testimony tending to connect the accused with the commission of the offense charged, authorized the jury to give it the same weight they would if he had not been a participant in the theft. It is impossible for the court to determine what influence this testimony had upon the minds of the jury in determining upon a verdict, or whether the jury would have convicted at all, or not, but for this testimony.

We are of opinion that, from the whole case as shown by the record, a proper instruction as to the testimony of accomplices was necessary and proper as part of the law of the case, and that a failure to so charge was necessarily prejudicial to the rights of the accused, and of sufficient importance to demand a reversal of the judgment; and because of this error the judgment is reversed and the case remanded.

*Reversed and remanded.*